[Civ. No. 4185. Second Appellate District, Division One.—March 7, 1924.]

LOUISE C. ALLEN, Respondent, v. B. C. CROSS, Executor, etc., Appellant.

[1] CONTRACTS—EMPLOYMENT AS HOUSEKEEPER—PROMISE OF PAYMENT —CONSIDERATION.—An oral agreement between a housekeeper and her employer, by which it was agreed that if the former would give up her home in another state and come to this state with the latter and continue to serve him here as she had done in the other state in the capacity of housekeeper, cook, companion, and

---

1. Specific performance of contract to make will, notes, **Ann. Cas.** 1914A, 399; **Ann. Cas.** 1918A, 1191; 44 **L. R. A. (N. S.)** 748. See, also, 25 **R. C. L.** 306; 28 **R. C. L.** 66.

nurse so long as he lived, he would buy her a home better than the home he had occupied in the other state and that he would also see that she would be comfortable the rest of her life and would afford her an opportunity to educate her young daughter, is valid and enforceable, provided only that the precise act which is to be done is clearly ascertainable.

[2] ID.—UNCERTAINTY—VALUE OF HOME—EVIDENCE.—Any uncertainty in the agreement of said employer to buy his housekeeper a home in this state "better than" the home he had occupied in the other state was removed by proof that the home in the other state had a given value, and that after coming to this state he did purchase a home for her at a certain agreed purchase price, which was in excess of the value of the home in the other state, and caused the same to be conveyed to her.

---

(1) 13 **C. J.**, p. 320, sec. 153 (1926 Anno.).

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. L. Richardson for Appellant.

Henry C. Ryan and F. F. Grant for Respondent.

HOUSER, J.—Plaintiff brought an action for damages against defendant as executor of the last will of B. F. Childs, deceased, based upon the failure of said Childs to comply with the terms of an alleged oral contract by which it was agreed that if plaintiff would give up her home in the state of Kansas and come to California with the said Childs and there continue to serve him as she had done in the state of Kansas in the capacity of housekeeper, cook, companion, and nurse so long as he lived, he would buy for plaintiff a home better than "Maple Crest" (which was the name of the home of said Childs in the state of Kansas), and that he would also see that plaintiff would be comfortable the rest of her life and would afford her an opportunity to educate her young daughter.

Judgment was rendered for plaintiff, and defendant appeals.

The points presented by appellant are: That the alleged contract was too indefinite and uncertain to admit of enforcement; that the findings of the court, the conclusions

of law, and the judgment therein are not supported by the evidence.

The findings of the court were to the effect that the alleged contract was actually made by the parties; that pursuant thereto plaintiff performed her part of the agreement; that in accordance with said agreement and as a part thereof said Childs purchased a home for plaintiff in the city of San Diego, California, at an agreed price of $10,000 and caused the same to be conveyed to plaintiff; that said Childs paid in cash on said purchase the sum of $3,000, leaving a balance of $7,000 to be paid on or before five years, with seven per cent interest, in accordance with the terms of a promissory note secured by a mortgage on the premises executed by plaintiff at the request of said Childs; that Childs thereafter died without having paid said $7,000, the balance of the purchase money; that the plaintiff was obliged to and did pay interest on said indebtedness amounting to the sum of $490; and that she duly presented her claim for the sum of $7,490 against the estate of said Childs, which claim was by the defendant herein, as said executor, rejected. As conclusions of law the court found that plaintiff was entitled to recover the sum of $7,490 from defendant, and judgment was ordered accordingly.

While the evidence in the case is not of that character which might be called conclusive, it is substantial in quality and fully authorizes the conclusions reached thereon by the trial court.

[1] A general rule, supported by many authorities not only in this state, but as well in other jurisdictions, is that contracts of the nature of that upon which action is brought herein are valid and enforceable, provided only that the precise act which is to be done be clearly ascertainable. (Civ. Code, sec. 3390, subd. 6.) [2] The contract here in question, as determined by the findings, is perfectly clear as to the nature and the extent of the services to be performed by plaintiff. It is only as to what was promised to be done by the other contracting party to the agreement that any doubt is expressed and as to which any question is raised regarding its certainty or definiteness. So far as this case is concerned, the only language of the contract which requires consideration is that part therein whereby plaintiff was

promised a home in California "better than Maple Crest." One of the maxims of jurisprudence, as laid down in section 3538 of the Civil Code, is that "That is certain which can be made certain." While the language of the contract itself to one unacquainted with the circumstances surrounding the making thereof is perhaps not understandable, in the light of the evidence adduced on the trial of the case it appears that "Maple Crest" was the name given to the former home of Mr. Childs in the state of Kansas, and that it had a value of $6,000. As thus interpreted, the contract would then read, that in consideration of certain specified services to be performed by plaintiff, Childs obligated himself to give to plaintiff a home in California of greater value than $6,000. As heretofore set forth, the court found that carrying out the said agreement Childs did purchase a home for plaintiff "at an agreed price of $10,000 and caused the same to be conveyed to plaintiff." The court further found, and the evidence sustains the finding, that all the money paid on account of the purchase price was furnished by Childs, and that while the balance in terms was to be paid by plaintiff, in truth and in fact it was the indebtedness of Childs, and that he promised to pay the same. It thus appears that that which was uncertain in the contract in its inception was made clear and intelligible by the acts of the parties thereto. By their conduct they placed an interpretation on the contract which all might read and readily comprehend. They declared by their acts, if not by their words, that the intention of the parties when they agreed upon a home "better than Maple Crest" was that it should cost the sum of $10,000. In a note occurring in Ann. Cas. 1912A, at page 750, the rule of law is laid down to the effect that on a sale of real property where the description of the land in the contract is defective the defect will be considered cured where the vendee has been put in possession of the land; and many authorities are cited in support thereof. The same principle should apply to the facts here. Although the exact consideration to be paid for the services of plaintiff is wanting in the language of the contract, the defect was cured by the parties thereafter, expressed by their conduct.

The judgment of the lower court was right and just, and it should be affirmed. It is so ordered.

Conrey, P. J., and Curtis, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 5, 1924.

All the Justices concurred.